# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wenlei Zhong, Administrator of the | : | TRIAL BY JURY DEMAND |
| Estate of Wenhao Zhong | : | CIVIL ACTION NO. |
| 2451 S. 3rd Street | : | |
| Philadelphia, PA 19148 | : | |
|        Plaintiff. | : | |
| | : | |
|     v. | : | |
| | : | |
| City of Philadelphia | : | |
| c/o Law Department | : | |
| One Parkway, 15th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| Chief of Police for the City of | : | |
| Philadelphia, Danielle Outlaw | : | |
| c/o Law Department | : | |
| One Parkway, 15th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| Captain Nashid Akil | : | |
| c/o Law Department | : | |
| One Parkway, 15th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| PO Nicholas Grant | : | |
| Badge No. 2768 | : | |
| c/o Law Department | : | |
| One Parkway, 15th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| PO Robert Heeney | : | |
| Badge No. 9860 | : | |
| c/o Law Department | : | |
| One Parkway, 15th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Defendants.                    :

## CIVIL ACTION COMPLAINT

Plaintiff by and through his attorney Brian J. Zeiger, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1.      Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2.      Plaintiff  alleges state court claims under Pennsylvania law, this Court has jurisdiction pursuant to 28 U.S.C. § 1367, as supplemental or pendent jurisdiction.

3.      Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      At all times relevant hereto the Plaintiff Wenlie Zhong, Administrator of the Estate of Wenhao Zhong is an adult resident of Philadelphia, Pennsylvania who lives at 2451 S. 3rd Street, Philadelphia, PA 19148.

5.      Defendant City of Philadelphia, is located at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102.

6.      Chief of Police for the City of Philadelphia, Danielle Outlaw (hereinafter "Chief Outlaw"), and Captain Nashid Akil are believed to be an adult citizens of Pennsylvania conducting business at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102, Defendants Outlaw and Defendant Akil are being sued in their official capacity only.

2

7.     Police Officer Nicholas Grant, Badge No. 2768, is believed to be an adult male citizen of Pennsylvania conducting business at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102, Defendant Grant is being sued in his individual capacity.

8.     Police Officer Robert Heeney, Badge No. 9860, is believed to be an adult male citizen of Pennsylvania conducting business at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102, Defendant Henney is being sued in his individual capacity.

9.     At all times material hereto, the defendant police officers acted under color of law and within the course and scope of there employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Defendant City of Philadelphia.


## FACTUAL BACKGROUND

10.     On or about January 13, 2022 at 8:35 p.m., Plaintiff was lawfully at or about the area of 1400 N. Broad Street, Philadelphia, PA.

11.     Defendants Grant and Heeney were intentionally conducting a high speed chase of Andre Grimes.

12.     Defendants Grant and Heeney were not acting on a report of the commission of a crime.

13.     Defendants Grant and Heeney willfully violated applicable Philadelphia police department regulations regarding high speed chases and/or vehicle pursuits.

14.     Defendants Grant and Heeney used deadly force on the pursued vehicle.

15.     Defendants Grant and Heeney believed Mr. Grime's vehicle disregarded a traffic law.

16.     During the pursuit of Mr. Grimes, Defendants Grant and Heeney intentionally,

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

recklessly, or negligently caused a motor vehicle crash.

17.    Defendants Grant and Heeney sped up to Mr. Grimes vehicle to get his tag number.

18.    Defendants Grant and Heeney maintained a speed well above the lawful speed limit.

19.    Based upon information and belief, Defendants Grant and Heeney were traveling at a speed in excess of 55 mph, in a 25 mph zone.

20.    At or near the location of the incident at 1400 N. Broad St., Philadelphia, PA, is a very densely populated area.

21.    Defendants Grant and Heeney did not activate their lights, sirens, or horn during the chase.

22.    However, towards the end of the chase, Defendants Grant and Heeney activated their lights.

23.    Wenhao Zhong, Plaintiff's decedent, was present at the time of Mr. Grimes motor vehicle crash.

24.    Mr. Zhong was struck by Mr. Grimes vehicle during the crash.

25.    Mr. Zhong was killed during the automobile crash.

26.    Mr. Zhong was an innocent bystander.

27.    Defendant Heeney's body camera was active during the high speed case and recorded audio and video of the incident.

28.    Defendant Grant's body camera was on standby during the high speed chase and recorded only video of the incident.

29.    Further, Defendants Grant and Heeney's actions were in direct violation of Philadelphia Police Department Directive 9.4. Vehicular Pursuits.

4

30.     More specifically, 9.4 1(B):

> B. Justification for Initiating a Vehicular Pursuit
> 1. An officer is justified in initiating a vehicular pursuit only when they are:
> a. In close proximity to a suspect vehicle and believes a pursuit is necessary to prevent the death or serious bodily injury of another person, or
> b. In close proximity to a suspect vehicle and believes BOTH:
> 1) The pursuit is necessary to effect the arrest or prevent escape, AND
> 2) The officer has probable cause to believe that the person being pursued has committed or attempted a forcible felony OR, has probable cause to believe that the person being pursued possesses a deadly weapon, other than the vehicle itself.

31.     And, more specifically, 9.4 3(J):

> 3. General Pursuit Procedures and Guidelines
>     …
> J. All marked radio patrol sedans engaged in a pursuit must have, and will operate the police vehicle with emergency equipment activated continuously throughout the pursuit. This includes both light bars and red/blue lights and sirens.
>
> NOTE: Sworn personnel are reminded to use extreme caution when approaching any intersection during a pursuit and only proceed if clear of both vehicles and pedestrians.

32.    The conduct of Defendants Grant and Heeney was intended to injure in some way which was unjustified by any government interest—the conduct of Defenfants Grant and Heeney shocks the conscious.

33.    Accordingly, Defendant City of Philadelphia failed to train and supervise Defendants Heeney and Grant regarding vehicular pursuits.

34.    At the time of the incident, Defendants Outlaw and Akil, were responsible for training and supervising Defendants Grant and Heeney regarding high speed vehicle pursuits, and failed to properly train and supervise Defendants Grant and Heeney.

**<u>COUNT I</u>**

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

**VIOLATION OF CIVIL RIGHTS-42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANTS DANIELLE OUTLAW and NASHID AKIL**

35.     Plaintiff incorporates the preceding paragraphs above as though fully set forth herein at length.

36.     Chief Outlaw and Captain Akil, failed to have an adequate policy in place governing police pursuits for their officers; they failed to properly train their officers in the conduct of such pursuits; and they failed to properly supervise Defendants Grant and Henney, before and during the aforementioned pursuit, thereby violating decedent's rights under the laws of the Constitution of the United States of America, in particular, the Fourteenth Amendment, their rights under 42 U.S.C. §1983.

37.     Chief Outlaw and Captain Akil negligently and unnecessarily with deliberate indifference created a dangerous situation, thereby directly causing serious injury and death to the decedent, which is a violation of his rights under the law and the Constitution of United States of American and in particular, the due process clause of the Fourteenth Amendment and their rights under 42 U.C.S. §1983.

38.     As a direct and proximate result of the aforesaid acts of Chief Outlaw and Captain Akil, which were committed under color of their authority for the City of Philadelphia, the decedent suffered grievous bodily injury and death which is a violation by said Defendants of the laws and the Constitution of the United States of America, in particular, the Fourteen Amendment to the United States Constitution and 42 U.S.C. §1983, which makes said Defendants liable to the Plaintiff.

39.     The acts committed by Chief Outlaw and Captain Akil, with deliberate indifference and constituting a state created danger caused the previously described injuries to the decedent in

6

violation of his constitutional rights as previously set forth in the aforementioned paragraphs.

40.    Chief Outlaw and Captain Akil, in their supervisory capacity over Defendants Grant and Heeney, as set forth above and based upon her knowledge of other prior misconduct of Defendants Grant and Heeney pertaining to interacting with the public and inappropriately operating their police cruiser while on duty, and her failure to discipline or properly train Defendants Grant and Heeney prior to the subject collision constitutes an acquiescence to Defendants Grant and Heeney's violation of the decedent's rights.

41.    Chief Outlaw and Captain Akil, in their roles as policymakers for the City of Philadelphia Police Department, with deliberate indifference to the consequences, established, implemented and maintained a policy or custom of inadequate training and therefore caused Defendants Grant and Heeney to conduct a high speed pursuit in an unsafe manner which deprived the decedent of life and liberty, which directly caused the constitutional harm to the decedent.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS – 42 U.S.C. 1983**
**PLAINTIFF v. DEFENDANTS GRANT and HEENEY**

42.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

43.    Defendants Grant and Heeney engaged in an unlawful high speed pursuit of a vehicle in pursuit of Andre Grimes in the streets of Philadelphia, thereby violating Plaintiff's decedent's rights under the laws of the Constitution of the United States of American, in particular, the due process clause of the Fourteenth Amendment and their rights under 42 U.S.C. § 1983.

44.    Defendants Grant and Heeney, intentionally, recklessly and unnecessarily with deliberate indifference created a dangerous situation, thereby directly causing serious injury and death of Plaintiff's decedent, which is a violation of his rights under the laws and the constitution of the United States and, in particular, the due process clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

45.    As a direct and proximate result of the aforesaid acts of Defendants Grant and Heeney, which were committed under color of their authority as City of Philadelphia Police Officers, Plaintiff's decedent suffered grievous bodily injury and death which is a violation by the Defendants of the laws and the Constitution of the United States of America, in particular, Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, all of which makes Defendants Grant and Heeney liable to the Plaintiff's decedent.

46.    The acts committed by Defendants Grant and Heeney constitute deliberate indifference and state created danger upon Plaintiff's decedent which caused the previously described injuries to Plaintiff's decedent. The actions of Defendants Grant and Heeney shock the conscious, the harm caused to Plaintiff's decedent was foreseeable and direct, further, the Plaintiff's decedent was a foreseeable victim. Defendants' actions were an affirmative use of their authority in a way that created danger to citizens, including Plaintiff's decedent, that rendered him more vulnerable to danger than had Defendants Grant and Heeney not acted at all, all in violation of the

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Fourteenth Amendment of the Constitution of the United States of America.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## COUNT III –
## MONELL CLAIM UNDER 42 U.S.C. § 1983
## DEFENDANT CITY OF PHILADELPHIA

47.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

48.    Defendant City of Philadelphia, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.

49.    The decision makers of City of Philadelphia, who made, enforced, or turned a blind eye, to the defective policies, procedures, and customs including but not limited to the Chief of Police, and the captain of the 22nd District Philadelphia Police Department, and the individual defendants direct supervisors on the night in question: Defendants Grant and Heeney.

50.    Defendant City of Philadelphia, through its police department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

51.    Defendant City of Philadelphia, through its police department, did not properly establish a policy regarding high speed vehicle pursuits.

52.    Defendant City of Philadelphia, through its police department, did not properly

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

establish a policy and train its police force when and how to conduct a high speed vehicle pursuit.

53.   The Plaintiff believes and therefore avers the Defendant City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights under the Fourth Amendment and Fourteenth Amendment of the Constitution of the United States.

54.   Defendant City of Philadelphia, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff's decedent, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

55.   By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's decedent's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

56.   The conduct of Defendant City of Philadelphia and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff's decedent.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million ($1,000,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## COUNT IV – PENNSYLVANIA LAW – NEGLIGENCE
## PLAINTIFF v. DEFENDANTS GRANT AND HEENEY

57.    The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

58.    Defendants, Grant and Heeney, breached a duty of care owed to Plaintiff's decedent by operating the vehicle carelessly and negligently by:

a.  Causing the vehicle driven by Andre Grimes to hit and strike Plaintiff's decedent;

b.  failing to observe traffic conditions;

c.  failing to maintain an assured clear distance between his vehicle and other vehicles in traffic;

d.  failing to reduce speed when necessary;

e.  failing to keep a lookout for other persons lawfully upon the roadway;

f.  failing to observe due care and precaution and to maintain proper and adequate control of the motor vehicle;

g.  failing to avoid the collision;

h.  speeding, by traveling in excess of 55mph in a 25 mph zone;

i.  failing to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and

j.  failing in other respects not now known to the Plaintiff, but which may become known

11

prior to or at the time of trial.

59.   The Defendants' actions and omissions on the day in question, were the proximate cause of Plaintiff's decedent's death, injuries and damages.

60.   As a direct and proximate result of the Defendants' negligence, Plaintiff's decedent suffered and underwent great pain and continued to do so until he died.

WHEREFORE, Plaintiff requests the following in a sum not in excess of five hundred thousand dollars ($500,000) plus costs and all other appropriate relief, to wit:

      a.   Compensatory damages;

      b.   Such other and further relief as appears reasonable and just.

## COUNT V
## PENNSYLVANIA LAW – VICARIOUS LIABILITY – RESPONDEAT SUPERIOR
## PLAINTIFF v. CITY OF PHILADELPHIA

61.  The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

62. Upon information and belief, Defendant, City of Philadelphia employed and/or hired Defendants Grant and Heeney to operate the vehicle on their behalf.

63.  Defendants Grant and Heeney operated the vehicle at the time of the incident during the course of and within the scope of his employment with Defendant, City of Philadelphia.

64.  Defendants Grant and Heeney's operation of the vehicle was for the purpose of benefitting Defendant, City of Philadelphia.

65.  Defendant, City of Philadelphia is vicariously liable for Defendants Grant and Heeney's negligence as noted above and Plaintiff herein makes a claim for the damages as noted above.

66.  Plaintiff makes a claim for such injuries, damages and consequences resulting from the

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

incident of which he has no present knowledge.

**WHEREFORE,** Plaintiff requests the following in a sum not in excess of five hundred thousand dollars ($500,000.00), plus costs, delay damages and all other appropriate relief, to wit:

      a.   Compensatory damages; and

      b.   Such other and further relief as appears reasonable and just.

Respectfully submitted,

/s Brian J. Zeiger
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340