IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENLEI ZHONG, Administrator for the Estate of WENHAO ZHONG, Deceased,** | : : : : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : : | |
| v. | : : | NO. 2:22-cv-02319-GEKP |
| **CITY OF PHILADELPHIA, ET AL.,** | : : : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Defendants' Partial Motion to Dismiss for Failure to State a Claim, and Plaintiff's response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED.** Counts I and III of Plaintiff's Complaint are **DISMISSED**, with prejudice.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENLEI ZHONG, Administrator for the Estate of WENHAO ZHONG, Deceased,** : : : | **JURY TRIAL DEMANDED** | |
| Plaintiff, : : | | |
| v. : : | NO. 2:22-cv-02319-GEKP | |
| **CITY OF PHILADELPHIA, ET AL.,** : : | | |
| Defendants. : | | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Chief of Police for the City of Philadelphia Danielle Outlaw, Captain Nashid Akil, Police Officer Nicholas Grant, and Police Officer Robert Heeney ("Defendants"), by and through the undersigned counsel, hereby file this Partial Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this Motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court dismiss Counts I and III of Plaintiff's Complaint, with prejudice.

Respectfully submitted,

 /s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

        /s/ *Matthew K. Hubbard*
MATTHEW KEVIN HUBBARD
Senior Attorney
Attorney Identification No. 44110
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5391
(215) 683-5397 fax)
matthew.hubbard@phila.gov

*Attorneys for Defendants*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENLEI ZHONG, Administrator for the Estate of WENHAO ZHONG, Deceased, | : : : : | JURY TRIAL DEMANDED |
| Plaintiff, | : : | |
| v. | : : | NO. 2:22-cv-02319-GEKP |
| CITY OF PHILADELPHIA, ET AL., | : : : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

  /s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

 /s/ *Matthew K. Hubbard*
MATTHEW KEVIN HUBBARD
Senior Attorney
Attorney Identification No. 44110
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5391
(215) 683-5397 fax
matthew.hubbard@phila.gov

*Attorneys for Defendants*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 3

II.  RELEVANT FACTUAL ALLEGATIONS ........................................................................ 3

III. LEGAL STANDARD .......................................................................................................... 4

IV.  ARGUMENT ....................................................................................................................... 5

   A.   **Count I Must Be Dismissed Because Plaintiff's Complaint Lacks Non-Conclusory Allegations Supporting Supervisory Liability of Commissioner Outlaw or Captain Akil.** ............................................................................................. 5

   B.   **Count III Must Be Dismissed Because Plaintiff's Complaint Lacks Non-Conclusory Allegations of a "Policy or Custom" That Was the "Moving Force" Behind the Constitutional Violation, Required to Support Municipal Liability Under** *Monell*. ................................................................................................ 8

V.   CONCLUSION .................................................................................................................. 10

I. **INTRODUCTION**

This case arises out of a fatal motor vehicle crash. As alleged in the Complaint, the Plaintiff's decedent, Wenhao Zhong (hereafter "Mr. Zhong"), was struck by a vehicle driven by a third-party, Andre Grimes. *See* Compl., ECF No. 1, ¶¶ 24. The crash resulted in Mr. Zhong's death. *Id.* ¶ 25. Plaintiff, as administrator of Mr. Zhong's estate, has brought this action against two Philadelphia Police Officers, Officers Nicholas Grant and Robert Heeney, as well as the City of Philadelphia, Police Commissioner Danielle Outlaw, and Captain Nashid Akil. Plaintiff generally alleges that, at the time of the fatal crash, Officers Grant and Heeney were "conducting a high-speed chase of [Mr.] Grimes," *id.* ¶ 11, in violation of Philadelphia Police Department policies and directives, and that this created a dangerous situation that resulted in Mr. Grimes fatally striking Mr. Zhong, *see, e.g.*, *id.* ¶ 44.

Plaintiff's Complaint sets out five claims, three under federal law and two under Pennsylvania law. The three federal claims are: (1) a claim under 42 U.S.C. § 1983 against Officers Grant and Heeney (Count II); (2) a § 1983 claim against Police Commissioner Outlaw and Captain Akil for failure to establish sufficient police policies for pursuits, as well as failure to train and supervise (Count I); and (3) a § 1983 claim against the City for failure to establish sufficient polices, as well as failure to train and supervise (Count III). The two state law claims are: (1) a negligence claim against Officers Grant and Heeney (Count IV); and (2) a claim against the City based on vicarious liability for Officer Grant and Heeney's alleged negligence (Count V).

Defendants now move to dismiss Counts I and III for failure to state a claim.

II. **RELEVANT FACTUAL ALLEGATIONS**

According to the Complaint, on January 13, 2022, at 8:35 p.m., Mr. Zhong was in the area of 1400 North Broad Street in Philadelphia, a "very densely populated area." Compl., ECF

3

No. 1, ¶¶ 10, 20. According to Plaintiff, at this time Officers Grant and Heeney were "intentionally conducting a high speed chase of Andre Grimes." *Id.* ¶ 11. Plaintiff alleges that the officers "were not acting on a report of the commission of a crime," *id.* ¶ 12, but rather "believed Mr. Grim[es'] vehicle disregarded a traffic law," *id.* ¶ 15.

Plaintiff alleges that, at one point during the pursuit, the officers "sped up to Mr. Grimes['] vehicle to get his tag number." Compl. ¶ 17. The officers also allegedly: (1) "were traveling at a speed in excess of 55 mph, in a 25 mph zone"; and (2) "did not activate their lights sirens or horns during the chase," except that "towards the end of the chase, [the officers] activated their lights." *Id.* ¶¶ 21–22. Mr. Grimes' vehicle struck and killed Mr. Zhong in the area of 1400 North Broad. *Id.* ¶¶ 20, 24–26.

Plaintiff's Complaint alleges that Officers Grant and Heeney acted "in direct violation" of Philadelphia Police Department Directive 9.4, concerning when initiating police pursuits is justified and the use of lights and sirens during a pursuit. *See* Compl. ¶¶ 29–31. Further, Plaintiff alleges that Police Commissioner Outlaw and Captain Akil "were responsible for training and supervising [Officers] Grant and Heeney regarding high speed vehicle pursuits, and failed [to do so]." *Id.* ¶ 34. Plaintiff alleges the City failed in this respect as well. *Id.* ¶ 33.

### III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should

4

not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

IV. **ARGUMENT**

Counts I and III of Plaintiff's Complaint must be dismissed. First, Plaintiff's § 1983 claim against Commissioner Outlaw and Captain Akil (Count I) fails, because the Complaint does not allege that they were personally involved in the fatal crash, nor contains sufficient non-conclusory allegations that would support a claim for supervisory liability under a failure to train or failure to supervise theory. Second and similarly, Plaintiff's § 1983 claim against the City (Count III) fails because the Complaint lacks non-conclusory allegations that a City policy or custom was the moving force behind the constitutional violation he alleges was committed by Officers Grant and Heeney, as is required for municipal liability under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). These deficiencies are addressed in turn.

A. Count I Must Be Dismissed Because Plaintiff's Complaint Lacks Non-Conclusory Allegations Supporting Supervisory Liability of Commissioner Outlaw or Captain Akil.

In Count I, Plaintiff seeks to impose liability on Police Commissioner Outlaw and Captain Akil as supervisors, either under a theory that they failed to train or supervise Officers Grant and Heeney, or otherwise "failed to have an adequate policy in place governing police pursuits for their officers." *See* Compl. ¶ 36; *see also id.* ¶¶ 37–41. But Plaintiff does not allege the existence of any *specific* policy that Commissioner Outlaw or Captain Akil failed to put into place that would have prevented the alleged constitutional violation on the part of Officers Grant and Heeney. Nor does the Complaint contain any non-conclusory allegations supporting Plaintiff's claim that Commissioner Outlaw or Captain Akil failed to train or supervise these Officers.

5

Because 42 U.S.C. § 1983 does not permit a claim based on vicarious liability, a "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Personal involvement may be established where the supervisor directs a subordinate to take an unconstitutional action, or has "actual knowledge" of, and acquiesces in, the subordinate's taking of such an action. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). But Plaintiff does not allege that Captain Akil or Commissioner Outlaw directed Officers Heeney and Grant to engage in the alleged "high speed chase," or even that they had knowledge of it.

Instead, Plaintiff alleges in a conclusory fashion that Commissioner Outlaw and Captain Akil failed to implement an "adequate policy" concerning police pursuits and failed to train and supervise Officers Grant and Heeney. *See* Compl. ¶¶ 36–41. While supervisory liability can be founded on a policymaker's failure to implement a specific policy, that failure must not merely be negligent but must demonstrate the policymaker's "deliberate indifference" to constitutional rights, and it must have "directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). But Plaintiff does not allege any specific policy or procedure that could have been implemented to avoid the constitutional harm. On the contrary, Plaintiff alleges that individual officers *violated* an existing Philadelphia Police Department Policy on vehicle pursuits. *See* Compl. ¶¶ 29–31. And even if Plaintiff had alleged the failure to implement a specific policy, the Complaint contains no non-conclusory allegations (such as prior incidents) that would support a plausible inference that the

failure demonstrates the policymaker's "deliberate indifference" to constitutional rights. Mere conclusory allegations that a policymaker's policies were not "adequate" cannot support supervisory liability under § 1983. *See, e.g.*, *Korth v. Hoover*, 190 F. Supp. 3d 394, 405 (M.D. Pa. 2016) (dismissing supervisory liability claims where the plaintiff's allegations "bearing on policy and custom [were] totally conclusional").

No less conclusory are Plaintiff's allegations that Commissioner Outlaw and Captain Akil failed to "properly train" and "properly supervise" Officers Grant and Heeney. Compl. ¶ 36. Plaintiff does not identify a "specific training" regimen that was not provided to Officers Grant and Heeney, nor any facts that would support a plausible inference that any such failure to train "can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivation occurred." *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (quoting *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). And as to the alleged failure to supervise, Plaintiff only pleads vague, conclusory allegations that Commissioner Outlaw and Captain Akil "had knowledge of other prior misconduct of [Officers] Grant and Heeney pertaining to interacting with the public and inappropriately operating their police cruiser while on duty." Compl. ¶ 40. Such vague allegations of prior misconduct known to supervisors cannot state a failure to supervise claim. *See, e.g.*, *Korth*, 190 F. Supp. 3d at 405 (holding that allegations that defendant-officer "had a history of outrageous and egregious unprofessional misconduct" and had "numerous citizen complaints" against him, and that this was known by his supervisors, were conclusory allegations and could not state a failure to supervise claim, explaining that the plaintiff "had to specify" what the previous misconduct was).

Accordingly, Count I of Plaintiff's Complaint must be dismissed.

7

B.      Count III Must Be Dismissed Because Plaintiff's Complaint Lacks Non-Conclusory Allegations of a "Policy or Custom" That Was the "Moving Force" Behind the Constitutional Violation, Required to Support Municipal Liability Under *Monell*.

Count III of Plaintiff's purports to set out a claim for municipal liability against the City. Similar to Count I against Commissioner Outlaw and Captain Akil, Count III contends that the City failed to adopt appropriate policies regarding high-speed vehicle pursuits and failed to train Officers Grant and Heeney. *See* Compl. ¶¶ 47–56. This claim fails for the same reasons as Plaintiff's supervisory liability claim against Commissioner Outlaw and Captain Akil: the Complaint lacks non-conclusory allegations of a specific policy, or lack thereof, that was the moving force behind the alleged constitutional harm.

Just as a supervisor may not be held vicariously liable under § 1983 for the actions of his or her subordinates, a municipality, such as the City here, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("*Monell*"). Rather, "it is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Mulholland v. Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) ("Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees"). To prevail against the City in a § 1983 claim, a plaintiff must allege that (1) a constitutionally protected right has been violated and (2) the alleged violation resulted from a municipal policy or custom that exhibits deliberate indifference to rights of citizens. *Monell*, 436 U.S. at 694–95. Here, while Plaintiff alleges the first element (an alleged violation of his constitutionally protected rights by Officers Grant and Heeney) he fails to allege non-conclusory facts that plausibly support the conclusion that this violation resulted from a City policy or custom.

8

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland*, 706 F.3d at 237 (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted). A complaint must include "*specific* factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). And to bring a § 1983 municipal liability claim under *Monell*, Plaintiff must present evidence that a "policy or custom of [the City] was the 'moving force' behind a violation of his [constitutional] rights." *Clark v. Regional Medical First Correctional*, 360 F. App'x 268, 269 (3d Cir. 2010).

For example, in *Torres v. City of Allentown*, cited above, the court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." 2008 WL 2600314, at *5. The court viewed the complaint as insufficient, in that it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." *Id.*

Here, Plaintiff merely alleges that the City "did not properly establish a policy regarding high-speed vehicle pursuits." Compl. ¶ 51. But Plaintiff does not point to any *specific* policy

9

regarding high-speed vehicle pursuits that the City should have enacted but did not. Rather, Plaintiff alleges that the City *did* have a policy regarding high-speed pursuits, but that Officers Grant and Heeney violated it. *See id.* ¶¶ 29–32. The Complaint also alleges that the City "did not properly . . . train its police force when and how to conduct a high speed vehicle pursuit," *id.* ¶ 54, but as with Plaintiff's failure-to-train claim against Commissioner Outlaw and Captain Akil, Plaintiff identifies no specific training regimen that was not provided to Officers Grant and Heeney, nor any facts that would support a plausible inference that any such failure to train "can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivation occurred." *Gilles*, 427 F.3d at 207 n.7. Accordingly, Count III must be dismissed.

## V.     CONCLUSION

For the reasons set forth above, the Court should dismiss Counts I and III of Plaintiff's Complaint, with prejudice.

Respectfully submitted,

Date: August 2, 2022

/s/ Adam R. Zurbriggen
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

/s/ *Matthew K. Hubbard*
MATTHEW KEVIN HUBBARD
Senior Attorney
Attorney Identification No. 44110
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5391

10

(215) 683-5397 fax)
matthew.hubbard@phila.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENLEI ZHONG, Administrator for the Estate of WENHAO ZHONG, Deceased,** | : : : : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : : | |
| v. | : : | NO. 2:22-cv-02319-GEKP |
| **CITY OF PHILADELPHIA, ET AL.,** | : : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Partial Motion to Dismiss for failure to State a Claim was filed via the Court's electronic filing system and is available for viewing and downloading.

Date: August 2, 2022

/s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov