IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENLEI ZHONG, Administrator for the Estate of WENHAO ZHONG, Deceased, | : : : : | JURY TRIAL DEMANDED |
| Plaintiff, | : : | |
| v. | : : | NO. 2:22-cv-02319-GEKP |
| CITY OF PHILADELPHIA, ET AL., | : : | |
| Defendants. | : | |

### DEFENDANT CITY OF PHILADELPHIA, OFFICER ROBERT HEENEY III, AND OFFICER NICHOLAS GRANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants City of Philadelphia, Philadelphia Police Officer Robert Heeney III, and Philadelphia Police Officer Nicholas Grant ("Answering Defendants"), hereby file this Answer with Affirmative Defenses and aver as follows:

### INTRODUCTION

1. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

2. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

3. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

4. Answering Defendants can neither confirm nor deny the facts alleged in Paragraph 4. To the extent a response is required, denied.

5. The allegations of this pargraph constitute conclusions of law. Therefore, they require no response. To the extent a response is required, it is admitted only that the City of

Philadelphia Law Department is located at the One Parkway Building, 1515 Arch Street, 14th Floor, Philadelphia, 19102

6. The allegations of this pargraph are not directed to Answering Defendants, and/or constitute conclusions of law. Therefore, they require no response. To the extent a response is required, denied.

7. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, admitted only that Officer Nicholas Grant, Badge No. 2767, is a Philadelphia Police Officer.

8. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, admitted only that Officer Robert Heeney, Badge No. 9860, is a Philadelphia Police Officer.

9. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## FACTUAL BACKGROUND

10. Admitted.

11. Denied. By way of further response, Answering Defendants state that they were not engaged in a "high speed chase" of Andre Grimes, but were following him from a distance and never attempted to stop him.

12. Admitted that Answering Defendants were not acting on a report of the commission of a crime at that moment in time.

13. Denied.

14. Denied as untrue, and as a conclusion of law.

15. Admitted.

16. Denied as untrue, and as a conclusion of law.

17. Admitted.

18. Denied as inaccurate.

19. Denied.

20. Admitted.

21. Denied as inaccurate. By way of further response, Answering Defendants specifically deny that they were "chas[ing]" Mr. Grimes.

22. Denied as inaccurate. By way of further response, Answering Defendants state that they activated their lights because of the vehicle collision involving Mr. Grimes' vehicle.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied as inaccurate. By way of further response, Answering Defendants deny the suggestion that Plaintiff's decedent was a pedestrian at the time of the crash.

27. Denied. By way of further response, Answering Defendants state that Officer Grant's camera activated in standby mode during the officers' investigation of Mr. Grimes' vehicle.

28. Denied as stated. By way of further response, Answering Defendants state that they were not engaged in a "high speed chase" of Mr. Grimes' vehicle, but rather were investigating that vehicle and attempting to obtain the vehicle's tag number.

29. Denied.

30. Denied.

31. Denied.

32. Denied as conclusions of law.

33. Denied as inaccurate, and as conclusions of law.

34. Denied as inaccurate, and as conclusions of law. By way of further response, Answering Defendants state that Captain Akil was not responsible for training them regarding high-speed vehicle pursuits.

### COUNT I: VIOLATION OF CIVIL RIGHTS-42 U.S.C. § 1983
### PLAINTIFF V. DEFENDANTS DANIELLE OUTLAW and NASHID AKIL

35. The allegations of this pargraph are not directed to Answering Defendants, and constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

36. The allegations of this pargraph are not directed to Answering Defendants, and constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

37. The allegations of this pargraph are not directed to Answering Defendants, and constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

38. The allegations of this pargraph are not directed to Answering Defendants, and constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

39. The allegations of this pargraph are not directed to Answering Defendants, and constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

40. The allegations of this pargraph are not directed to Answering Defendants, and constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

41. The allegations of this pargraph are not directed to Answering Defendants, and constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

### COUNT II: VIOLATION OF CIVIL RIGHTS-42 U.S.C. § 1983
### PLAINTIFF V. DEFENDANTS GRANT and HEENEY

42. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

43. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

44. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's theory of the case. Therefore, they require no response. To the extent a response is required, denied.

45. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

46. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## **COUNT III: MONELL CLAIM UNDER 42 U.S.C. § 1983**
## **DEFENDANT CITY OF PHILADELPHIA**

47. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

48. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

49. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

50. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

51. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

52. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

53. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

54. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

55. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

56. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

### COUNT IV – PENNSYLVANIA LAW - NEGLIGENCE
### PLAINTIFF V. DEFENDANTS GRANT AND HEENEY

57. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

58. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

59. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

60. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## COUNT V
## PENNSYLVANIA LAW – VICARIOUS LIABILITY – RESPONDEAT SUPERIOR
## PLAINTIFF v. CITY OF PHILADELPHIA

61. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

62. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

63. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

64. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

65. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

66. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case, and, therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Answering Defendants deny they are liable to Plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against this action.

## JURY DEMAND

Answering Defendants demand a jury trial in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act," 42 Pa. Cons. Stat. § 8541 *et seq.*, and aver that Plaintiff's state law remedies are limited exclusively thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, law enforcement privilege shields the Answering Defendants from liability on Plaintiff's state law claims.  *See* 18 Pa. Cons. Stat. § 508(a)(1).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's decedent's own negligence caused, or contributed to, his alleged injuries, sufferings, and/or damages.

**WHEREFORE,** Answering Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against this action.

Date:  August 2, 2022                                   Respectfully submitted,


  /s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov


 /s/ *Matthew K. Hubbard*
MATTHEW KEVIN HUBBARD
Senior Attorney
Attorney Identification No. 44110
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5391
(215) 683-5397 fax
matthew.hubbard@phila.gov


*Attorneys for Answering Defendants*

IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENLEI ZHONG, Administrator for the Estate of WENHAO ZHONG, Deceased,** | : : : : | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | : : | |
| **v.** | : : | **NO. 2:22-cv-02319-GEKP** |
| **CITY OF PHILADELPHIA, ET AL.,** | : : : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Answer and Affirmative Defenses of Defendants City of Philadelphia, Philadelphia Police Officer Robert Heeney III, and Philadelphia Police Officer Nicholas Grant, was filed via the Court's electronic filing system and is available for downloading.

Date: August 2, 2022

/s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov