IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENLEI ZHONG,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **CITY OF PHILADELPHIA et al.,** *Defendants* | : : : | **No. 22-2319** |

## MEMORANDUM

PRATTER, J.                                                                 DECEMBER    , 2022

      Wenlei Zhong brought several claims against the City of Philadelphia, Police Commissioner Danielle Outlaw, Police Captain Nashid Akil, and Officers Nicholas Grant and Robert Heeney. For the reasons that follow, the Court will grant the defendants' motion to dismiss part of he complaint[1] and dismiss Counts I and III of Mr. Zhong's complaint.

### BACKGROUND

      On January 13, 2022, Philadelphia police officers Nicholas Grant and Robert Heeney engaged in a high-speed chase with a third party, Andre Grimes, arising out of Mr. Grimes's traffic violation. This chase resulted in Mr. Grimes's vehicle striking and killing Wenhao Zhong. Wenlei Zhong,[2] the administrator of Wenhao Zhong's estate, brings the following claims:

- **Count I:** A 42 U.S.C. § 1983 claim against Police Commissioner Danielle Outlaw and Captain Nashid Akil for failure to establish sufficient policies for high-speed police pursuits and failure to train and supervise Officers Grant and Heeney;

---

[1] Defendants filed their partial motion to dismiss on August 2, 2022. Mr. Zhong twice requested extensions of time to respond to the motion, which the Court granted, ordering that Mr. Zhong should file a response by November 16, 2022. That date came and went without a response from Mr. Zhong. Under Local Rule of Civil Procedure 7.1(c), the Court therefore treats the motion as uncontested.

[2] For clarity, the Court refers to Mr. Wenlei Zhong as Mr. Zhong and Mr. Wenhao Zhong as "the decedent" throughout this opinion.

1

- **Count II:** A § 1983 claim against Officers Grant and Heeney for violation of the decedent's due process rights under the Fourteenth Amendment;

- **Count III:** A *Monell* claim against the City of Philadelphia for failure to establish sufficient policies for high-speed pursuits and failure to train and supervise Officers Grant and Heeney;

- **Count IV:** A negligence claim against Officers Grant and Heeney; and

- **Count V:** A vicarious liability claim against the City of Philadelphia for the negligence of Officers Grant and Heeney.

Commissioner Outlaw, Captain Akil, and the City of Philadelphia filed a motion to dismiss Counts I and III on August 2, 2022.

## LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While a court must accept a complaint's factual allegations, mere "bald assertions" or "legal conclusions" need not be credited. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

## DISCUSSION

At issue are Counts I and III of Mr. Zhong's complaint. The defendants contend that Count I, the § 1983 claim against Commissioner Outlaw and Captain Akil, does not state a claim because the complaint neither alleges the personal involvement of Commissioner Outlaw or Captain Akil nor facts that support a claim for supervisory liability under a failure to train or failure to supervise theory. They also contend that Count III, the *Monell* claim against the City of Philadelphia, fails

to state a claim because it does not allege any specific policy that the City should have enacted but did not. The Court considers both counts.

I.     **Count I: Supervisory Liability**

Count I seeks to impose liability on Commissioner Outlaw and Captain Akil for "fail[ing] to properly supervise" Officers Grant and Heeney and "fail[ing] to have an adequate policy in place governing police pursuits for their officers." Compl. ¶ 36. A supervisor may be personally liable under § 1983 if he or she, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."[3] *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989).

Mr. Zhong's complaint fails to satisfy this standard for two reasons. First, the allegations of deliberate indifference on the part of Commissioner Outlaw and Captain Akil are wholly conclusory, with the only factual allegation being that the policies they put in place were inadequate. Second, the complaint does not allege any specific policy that Commissioner Outlaw and Captain Akil should have enacted but did not, nor does it explain how the failure to enact such a policy directly caused the alleged harm. To the contrary, the complaint acknowledges that the Philadelphia Police Department *had* a policy on vehicular pursuits in place which Officers Grant and Heeney allegedly violated. *See* Compl. ¶¶ 29–31.

Mr. Zhong's allegations that Commissioner Outlaw and Captain Akil failed to properly train or supervise Officers Grant and Heeney are similarly deficient. To establish § 1983 liability for a failure to train or supervise, the failure must "demonstrate[] deliberate indifference to the

---

3     A supervisor may also be held personally liable under § 1983 "if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Here, though, the complaint does not allege that Commissioner Outlaw or Captain Akil ordered or were even aware of the alleged car chase.

3

constitutional rights of those with whom the officers may come into contact . . . ." *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Again, though, the complaint does not allege any specific training that Commissioner Outlaw and Captain Akil failed to provide, nor any specific inadequacy of the training that actually was provided. Nor does the complaint provide any nonconclusory allegations to support a finding of deliberate indifference. The closest it comes is the vague allegation that Commissioner Outlaw and Captain Akil had "knowledge of other prior misconduct of [Officers] Grant and Heeney pertaining to interacting with the public and inappropriately operating their police cruiser while on duty." Compl. ¶ 40. Without specific allegations of the prior misconduct, however, this allegation cannot state a failure to supervise claim. *See, e.g., Korth v. Hoover*, 190 F. Supp. 3d 394, 405 (M.D. Pa. 2016) (explaining that a plaintiff had to specify an officer's previous misconduct and state how the previous misconduct was similar to the conduct that caused the plaintiff's injury to state a failure to supervise claim).

Because the complaint fails to allege any specific policy or training that Commissioner Outlaw and Captain Akil should have enacted but failed to, and because it contains merely conclusory allegations regarding their deliberate indifference, the Court will dismiss Count I.

## II.     Count III: *Monell* Liability

Count III seeks to impose liability on the City of Philadelphia for a similar failure to either enact adequate policies regarding high-speed vehicular pursuits or properly train Officers Grant and Heeney. This count suffers the same fatal flaws as the supervisory liability claim against Commissioner Outlaw and Captain Akil—it alleges no specific policy or custom that exhibited deliberate indifference to constitutional rights of persons in the city. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978); *see also Torres v. City of Allentown*, No. 07-cv-1934, 2008

4

WL 2600314, at *5 (E.D. Pa. June 30, 2008) (explaining that a complaint must include some "specific factual allegations regarding the conduct, time, place, and persons responsible for any official municipal policy or custom"). Nor does it allege facts to support an inference that a "policy or custom of [the City] was the moving force behind" the alleged constitutional violation. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (internal quotation marks omitted). Rather, as noted above, the complaint alleges that the City had a vehicular pursuit policy, but that Officer Grant and Heeney violated that policy. Likewise, Count III does not state a failure to train or supervise claim because, as discussed above, the complaint does not allege any specific training that the City failed to provide to Officers Grant and Heeney, nor any facts to support a finding of deliberate indifference. The Court will therefore dismiss Count III as well.

## CONCLUSION

Counts I and III of Mr. Zhong's complaint fail to state claims for supervisory or *Monell* liability under § 1983 because they do not allege any specific policy or training that Commissioner Outlaw, Captain Akil, or the City of Philadelphia should have enacted but did not, nor do they allege nonconclusory facts to support the requisite finding of deliberate indifference. Thus, the Court grants defendants' motion to dismiss Counts I and III. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE